**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-2908

OUTDOOR EDGE CUTLERY CORPORATION,
Plaintiff,

v.

INTERNATIONAL MARKETING SYSTEMS, LTD.
Defendant.

---

# COMPLAINT WITH JURY DEMAND

---

Plaintiff Outdoor Edge Cutlery Corporation ("Outdoor Edge" or "Plaintiff"), by and through its undersigned counsel, submits its Complaint with Jury Demand against International Marketing Systems, Ltd. ("Defendant"), and states as follows:

## I. PARTIES

1. Upon information and belief, Defendant International Marketing Systems, Ltd. is a company formed under the laws of the state of North Dakota and has a principal place of business at 1320 5th Ave N, Fargo, North Dakota 58102.

2. Upon information and belief, Defendant offers for sale and sells its paracord products identified herein throughout the United States and in Colorado, including through direct sales made by Defendant and through one or more online retailers, including www.amazon.com.

## II. JURISDICTION AND VENUE

3. This is a civil action to combat Defendant's infringement of Outdoor Edge's exclusive rights under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, unfair competition and unjust enrichment in violation of the common law of the State of Colorado,

violation of the Colorado Consumer Protection Act, §§ 6-1-101 through 115; and for an accounting.

4. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction under 28 U.S.C. §§ 1367(a).

5. This Court has personal jurisdiction over Defendant, as Defendant conducted substantial business in this district through direct sales to consumers and potential consumers in Colorado, and through e-commerce sites, such as www.westcoastparacord.com and www.amazon.com. Based upon their extensive commercial activities and presence, it is foreseeable that Defendant regularly conducts business within this judicial district and has availed itself of the laws of Colorado.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## III. GENERAL ALLEGATIONS

**Outdoor Edge's History of Innovation**

7. For 30 years, Outdoor Edge has been engaged in the business of designing and distributing high quality outdoor equipment for hunting, fishing and other outdoor industries. Outdoor Edge, through its continuous improvement and innovation programs and extensive field-testing, provides products that not only meet but exceed a rigorous set of performance standards. As a result of this history of improvement and innovation, Outdoor Edge has become recognized as one of the finest designers and manufacturers of knives and knife accessories in the United States. Outdoor Edge has been awarded over 75 U.S. patents for its novel outdoor products, as well as many other foreign patents.

8. One of the patents Outdoor Edge has been awarded is U.S. Patent No. 9,986,795, which was issued by the U.S. Patent & Trademark Office ("USPTO") on June 5, 2018 ("the '795 Patent"). *See* Exhibit 1. The '795 Patent is directed to a novel knife and sheath

combination. The knife may be moved within the sheath to safely release the knife for use by the user. The ‘795 Patent was duly examined and is presumed valid and enforceable.

9. Claim 1 of the ‘795 Patent recites “In combination a knife and sheath, comprising: a sheath having a first end and a second end with an opening, the sheath also having a selectively deflectable arm extending away from the sheath, the arm having a proximal end interconnected to the sheath between the first end and the second end and a distal end that comprises a detent, the deflectable arm being of such length wherein the detent is located adjacent the second end; a knife comprised of a blade extending from a blade base, the blade base having a first end interconnected to the blade and a second end, the blade base also having a protrusion extending from an outer surface of the blade base, wherein the blade is configured to be selectively inserted and removed from said sheath; wherein the detent has a first position of use where the blade is inserted within the sheath and the protrusion is positioned between the second end of the sheath and the detent, wherein a concaved surface of the detend, which is spaced from the second end of the sheath, surrounds and engages a portion of the protrusion, thereby locking the knife to the sheath to prevent removal of the blade from the sheath, and a second position of use where the selectively deflectable arm is deflected so at least a portion of the detent is moved relative to the protrusion, thereby allowing the blade to be removed from the sheath and the blade base to be moved away from the second end of the sheath; wherein the opening of the sheath is associated with a cavity configured to selectively receive the blade, the cavity having a ceiling and a floor, wherein a tip of the blade is spaced from the floor when the blade is fully inserted in the sheath; and wherein movement of the detent from the first position of use to the second position of use is achieved by rotating the blade base relative to the sheath to move the tip towards the floor.”

10. Another patent Outdoor Edge has been awarded is U.S. Patent No. 9,999,279, which was issued by the USPTO on June 19, 2018 ("the '279 Patent"). *See* Exhibit 2. The '279 Patent is directed to a knife and a knife sheath, which may receive the knife. The knife may be moved within the sheath to safely release the knife. The '279 Patent was duly examined and is presumed valid and enforceable.

11. Claim 15 of the '279 Patent recites "a combination knife and sheath, comprising: a knife comprised of a blade extending from a blade base, the blade base having a first end for interconnection to the blade and a second end opposed from the first end, the blade comprising an upper edge defining an apex and an opposed lower sharpened edge ending in a tip wherein the upper edge and the lower edge are joined, and the blade base also having a handle guard extending from a location proximate to the first end of the blade base; a sheath configured to receive the blade of the knife, the sheath having: a first end, a second open end, the second open end associated with a cavity also defined by a ceiling, a floor, and sidewalls of the sheath, wherein the tip is spaced from the floor when the blade is fully inserted into the sheath, a selectively deflectable arm that ends in a detent positioned proximate to the second open end of the sheath; wherein when the blade is fully inserted into the sheath, the detent is in a first locked position where the handle guard is positioned between the second open end and the detent, and wherein the detent has a second release position where the selectively deflectable arm is flexed to move the detent so that the handle guard is able to move away from the second open end of the sheath; and wherein a quick release movement of the knife from the sheath is achieved by moving the detent from the first locked position to the second release position by sliding the blade base along the second open end of the sheath to move the tip of the blade toward the floor of the sheath."

12. Another patent Outdoor Edge has been awarded is U.S. Patent No. D808,239, which was issued by the USPTO on January 23, 2018 ("the '239 Patent"). *See* Exhibit 3. The '239 Patent is for a novel ornamental design for a knife and associated sheath. The '239 Patent was duly examined and is presumed valid and enforceable.

13. Outdoor Edge has manufactured and sold products covered by the '795, '279 and '239 Patents in Colorado and throughout the United States since at least as early as July 2017. The Outdoor Edge products covered by the '795, '279 and '239 Patents ("the Paraclaw Products") have enjoyed significant commercial success, and are recognized as being affiliated and/or associated with Outdoor Edge due in part to their unique design and configuration. Examples of the Paraclaw Products are depicted in Exhibit 4.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

14. In late summer or early fall 2018, Defendant began offering for sale and selling an infringing product referred to as the "Tactical Knife Utility Multi-Tool Buckle." *See* Exhibit 5. Defendant's product incorporates the same claimed features as the '795 and '279 Patent, and incorporates the same ornamental features claimed in the '239 Patent. For instance, the Defendant's product includes at least every element of claim 1 of the '795 Patent and claim 15 of the '279 Patent. Further, the size, shape, and configuration of the blade, tang and handle portions of Defendant's product are identical to the design claimed in the '239 Patent. As shown in Exhibit 5, the handle portion of Defendant's product has the identical number and placement of notches along the top surface thereof. Similarly, the sheath portion has the same generally rectangular shape, having an extension with the same length and shape as claimed in the '239 Patent.

15. Defendant has offered its product for sale via www.amazon.com. *See* Exhibit 6. Upon information and belief, consumers and potential consumers may also purchase Defendant's products by contacting Defendant directly, including through www.westcoastparacord.com.

16. Outdoor Edge has not licensed or given authority to Defendant or anyone else to make, have made, use, import, offer for sale or sell the products encompassed by the '795, '279 and '239 Patents. Thus, Defendant's activity related to the "Tactical Knife Utility Multi-Tool Buckle" shown in Exhibits 5 and 6 ("the Accused Products") is unlawful and results in infringement of Outdoor Edge's valuable patent rights. Upon information and belief, Defendant's infringement has been knowingly and intentional, resulting in Defendant's willful infringement. Upon information and belief, Defendant's infringing activity has occurred within the State of Colorado, resulting in sales of the Accused Products to consumers residing in Colorado.

## V. FIRST CLAIM FOR RELIEF
**(Federal Patent Infringement of U.S. Patent No. 9,986,795)**

17. Outdoor Edge realleges and incorporates by reference the allegations contained in Paragraphs 1-16 above.

18. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the '795 Patent in violation of 35 U.S.C. § 271(a).

19. Defendant's actions of making, having made, importing, using or selling products which infringe the '795 Patent have been, and are, willful, deliberate and/or in conscious disregard of Outdoor Edge's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Outdoor Edge to an award of it attorney's fees and treble damages.

20. Defendant's infringement of the '795 Patent has caused and will continue to cause damage to Outdoor Edge in an amount to be ascertained at trial.

21. Defendant's infringement of the '795 Patent has caused and will continue to cause irreparable injury to Outdoor Edge, to which there exists no adequate remedy at law. Defendant's infringement of the '795 Patent will continue unless enjoined by this Court.

## VI. SECOND CLAIM FOR RELIEF
## (Federal Patent Infringement of U.S. Patent No. 9,999,279)

22. Outdoor Edge realleges and incorporates by reference the allegations contained in Paragraphs 1-21 above.

23. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the '279 Patent in violation of 35 U.S.C. § 271(a).

24. Defendant's actions of making, having made, importing, using or selling products which infringe the '279 Patent have been, and are, willful, deliberate and/or in conscious disregard of Outdoor Edge's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Outdoor Edge to an award of it attorney's fees and treble damages.

25. Defendant's infringement of the '279 Patent has caused and will continue to cause damage to Outdoor Edge in an amount to be ascertained at trial.

26. Defendant's infringement of the '279 Patent has caused and will continue to cause irreparable injury to Outdoor Edge, to which there exists no adequate remedy at law. Defendant's infringement of the '279 Patent will continue unless enjoined by this Court.

## VII. THIRD CLAIM FOR RELIEF
## (Federal Patent Infringement of U.S. Patent No. D808,239)

27. Outdoor Edge realleges and incorporates by reference the allegations contained in Paragraphs 1-26 above.

28. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the '239 Patent in violation of 35 U.S.C. § 271(a).

29. Defendant's actions of making, having made, importing, using or selling products which infringe the '239 Patent have been, and are, willful, deliberate and/or in conscious disregard of Outdoor Edge's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Outdoor Edge to an award of it attorney's fees and treble damages.

30. Defendant's infringement of the '239 Patent has caused and will continue to cause damage to Outdoor Edge in an amount to be ascertained at trial.

31. Defendant's infringement of the '239 Patent has caused and will continue to cause irreparable injury to Outdoor Edge, to which there exists no adequate remedy at law. Defendant's infringement of the '239 Patent will continue unless enjoined by this Court.

## VIII. FOURTH CLAIM FOR RELIEF
**(Colorado Common Law Unfair Competition)**

32. Outdoor Edge realleges and incorporates by reference the allegations contained in Paragraphs 1-31 above.

33. Defendant has misappropriated valuable property rights of Outdoor Edge, and is trading on the goodwill symbolized by the distinctive and highly recognizable characteristics of Outdoor Edge's Paraclaw Products. Defendant's unlawful conduct is likely to confuse and deceive members of the purchasing public. By this and other conduct, Defendant has engaged in unfair competition.

34. By its conduct, Defendant has caused and, unless restrained and enjoined by the Court, will continue to cause damage to Outdoor Edge.

35. Unless restrained and enjoined, Defendant's acts of unfair competition will cause Outdoor Edge irreparable injury. Outdoor Edge has no adequate remedy at law for the injuries that have been and will continue to be sustained as a result of Defendant's conduct.

## IX. FIFTH CLAIM FOR RELIEF
## (Colorado Common Law Unjust Enrichment)

36. Outdoor Edge realleges and incorporates by reference the allegations contained in Paragraphs 1-35 above.

37. As a direct and proximate result of Defendant's unlawful conduct, Defendant has appreciated a benefit under circumstances that would be inequitable for Defendant to retain without payments to Outdoor Edge.

38. Unless restrained and enjoined, Defendant's unjust enrichment will cause Outdoor Edge irreparable injury. Outdoor Edge has no adequate remedy at law for the injuries that have been and will continue to be sustained as a result of Defendant's conduct.

## X. SIXTH CLAIM FOR RELIEF
## (Deceptive Trade Practice Under COLO. REV. STAT. § 6-1-105)

39. Outdoor Edge realleges and incorporates by reference the allegations contained in Paragraphs 1-38 above.

40. By the actions described above, Defendant has engaged in a deceptive trade practice, a defined by the Colo. Rev. Stat. §§ 6-1-101 *et seq*.

41. Upon information and belief, the acts of Defendant have caused and will continue to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendant's goods.

42. Upon information and belief, Defendant's wrongful actions were committed with intent to deceive the public and with willful and wonton disregard of the laws of the State of Colorado and Outdoor Edge's rights.

43. As a result of Defendant's unlawful actions, Outdoor Edge has suffered commercial harm.

44. Outdoor Edge has been and will continue to be irreparably harmed by Defendant's unlawful action. Outdoor Edge has no adequate remedy at law.

## XI. SEVENTH CLAIM FOR RELIEF
**(Accounting)**

45. Outdoor Edge realleges and incorporates by reference the allegations contained in Paragraphs 1-44 above.

46. Defendant has manufactured, imported, sold, used and/or distributed products which directly infringe and/or misappropriate the exclusive rights of Outdoor Edge. Defendant has therefore deprived Outdoor Edge of sales, profits and/or royalties, which it otherwise would have made, and which have resulted in the unjust enrichment of Defendant to the detriment of Outdoor Edge. Defendant's actions have resulted in improper profits, revenues, and other financial gains to Defendant for which Outdoor Edge is entitled to reimbursement.

47. Outdoor Edge does not know the precise number of Accused Products sold or the amount of revenue and profits realized by Defendant, which information is uniquely within the knowledge of Defendant. Outdoor Edge is therefore entitled to an accounting, at Defendant's expense, to determine the amount of profits, revenue and other gains Defendant has unjustly obtained.

## XII. PRAYER FOR RELIEF

WHEREFORE, Outdoor Edge requests that judgment be entered in its favor and against Defendant as follows:

1. Declaration that Defendant has infringed U.S. Patent No. 9,986,795;

2. Declaration that Defendant has infringed U.S. Patent No. 9,999,279;

3. Declaration that Defendant has infringed U.S. Design Patent No. D808,239;

4. Issuing temporary, preliminary, and permanent injunctions enjoining Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

    A. further infringing U.S. Patent No. 9,986,795, pursuant to 35 U.S.C. § 283, by importing, making, having made, offering for sale or selling the Accused Products;

    B. further infringing U.S. Patent No. 9,999,279, pursuant to 35 U.S.C. § 283, by importing, making, having made, offering for sale or selling the Accused Products;

    C. further infringing U.S. Design Patent No. D808,239, pursuant to 35 U.S.C. § 283, by importing, making, having made, offering for sale or selling the Accused Products;

    D. engaging in any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, or its products, are connected with or sponsored, licensed or approved by Outdoor Edge; and

E. engaging in any other activity constituting unfair competition with Outdoor Edge, or constituting an infringement or misappropriation of Outdoor Edge's exclusive rights.

5. Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing or referring the to Accused Products, or any colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered to Outdoor Edge for destruction;

6. Ordering Defendant to file with the Court and serve on Outdoor Edge's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

7. For an accounting of all profits derived from Defendant's unlawful conduct, including infringement of U.S. Design Patent No. D808,239, at Defendant's expense, and trebling those damages;

8. Awarding Outdoor Edge damages arising out of Defendant's infringement of U.S. Patent No. 9,986,795 and U.S. Patent No. 9,999,279 in an amount no less than a reasonable royalty for each act of infringement, pursuant to 35 U.S.C. § 284, and trebling those damages;

9. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to Outdoor Edge;

10. For exemplary and/or punitive damages;

11. For recovery of costs, pre-judgment and post-judgment interest to the extent applicable; and

12. For such other relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Outdoor Edge demands a trail by jury on all issues so triable.

Dated: November 13, 2018

Respectfully Submitted,

By: */s/ Ian R. Walsworth*

Ian R. Walsworth
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Phone: (303) 861-7760
E-mail: Ian.Walsworth@LewisBrisbois.com

*Attorneys for Outdoor Edge Cutlery Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November 2018, I presented the foregoing COMPLAINT WITH JURY DEMAND to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

*/s/ Ian R. Walsworth*